## John E. Weaver's Sons v. Pennsylvania Railroad Co.

*Zimmerman, Myers & Kready,* for rule; *Charles W. Eaby,* contra.

LANDIS, P. J.—On Dec. 8, 1926, a summons in *assumpsit* was issued by W. S. Doebler, an alderman of Lancaster City, against the defendant company, returnable on Dec. 15, 1926, between the hours of 9.30 and 10 o'clock A. M. On Dec. 15th, a hearing was duly had, and, after hearing the parties, judgment was entered by the alderman in favor of the plaintiffs for $142.80. On Dec. 23, 1926, the defendant appealed to this court, and the same was duly

entered on Jan. 5, 1927. Thereupon the plaintiffs presented their petition to strike off the appeal, alleging that the appeal and the affidavit were not taken before an alderman or justice of the peace, but before a notary public, and because neither the affidavit nor the recognizance was taken within the County of Lancaster but in the County of Philadelphia.

The Act of March 25, 1903, P. L. 61, relating to appeals from justices of the peace and aldermen, provides: "That from and after July 1, 1903, no appeal shall be allowed from the judgment of a justice of the peace or alderman, unless the appellant or his attorney or agent, at the time of taking said appeal, shall make affidavit in writing that the appeal is not for delay, but because he verily believes that injustice has been done." Under this act, this court, in Eby v. Great Eastern Casualty and Indemnity Co., 21 Lanc. Law Rev. 298, decided that "it is not necessary . . . that the affidavit required on taking an appeal be made in the presence of the justice granting the appeal and at the exact time of the taking thereof;" that "it is sufficient if it was previously taken before another magistrate and filed when the appeal is taken." In that case, we said: "The transcript discloses that the affidavit made in this case is in writing and in the form required by the act." Admittedly, it was not done in the presence of the justice allowing the appeal, "but it was done before an alderman prior to the suing out of the appeal, and it was filed with the justice at the time the said appeal was taken and delivered. It is not directed in any of the acts that the affidavit must be made before the trial justice. All that is said is that the affidavit must be made at the time of taking the appeal. If, then, it is made before the appeal is sued out and filed with the justice when the appeal is taken and the papers are delivered to the defendant, we think that a compliance is had with the provisions of the statute."

In Oliver Mfg. Co. v. Burchfield, 18 Dist. R. 853, it was decided, and we think properly, by Criswell, P. J., that the affidavit upon appeal from a justice may be made before a justice of another county. We also think the recognizance may be signed in another county. There is nothing in any of the acts of assembly to the contrary, and there is no provision indicating before whom the affidavit shall be made. The taking of the appeal is when the alderman accepts the written recognizance and grants the appeal, and, therefore, the recognizance need not be signed in the presence of the hearing magistrate. The Act of March 15, 1847, § 1, P. L. 361, provides that "when any corporation . . . being sued shall appeal or take a writ of error, the bail requisite in that case shall be taken absolute for the payment of debt, interest and costs on the affirmance of the judgment."

We also think that the affidavit can be taken before a notary public. The Act of March 5, 1791, § 3, 3 Sm. Laws, 6, provides that "the said notaries so commissioned as aforesaid, and every of them, shall have the power of administering oaths and affirmations according to law in all matters belonging or incident to the exercise of their notarial office." In American Ry. Express Co. v. Berry, 7 D. & C. 687, it was held that the affidavit upon an appeal from the judgment of an alderman or justice of the peace is not only not required to be made before the justice from whose judgment the appeal is taken, but that it may be made before a notary public and filed with the justice at the time the appeal is taken.

I am, therefore, of the opinion that the objections raised have no merit, and the rule is for this reason discharged.

Rule discharged.        From George Ross Eshleman, Lancaster, Pa.